UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LYNETTE BLAND,**

    **Plaintiff,**

v.                                                           Case No.:

**PNC Bank, National Association,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lynette Bland ("Plaintiff"), by and through undersigned counsel, herby sues PNC Bank, National Association ("Defendant") and in support of states as follows:

**NATURE OF ACTION**

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and the FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## **PARTIES**

5. Plaintiff is a resident of Duval County, Florida.

6. Plaintiff worked for Defendant in Duval County, Florida.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and/or employees of Defendant and were at all times acting within the scope and/or course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the FCRA and the ADA.

9. Plaintiff is considered an "eligible employee" within the meaning of the FMLA.

10. Defendant is considered an "employer" within the meaning of the FCRA, the ADA and the FMLA.

11. Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding her request for leave pursuant to the FMLA.

12. Plaintiff was employed by Defendant for more than twelve (12) months.

13. Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

14. Plaintiff has a serious health condition as defined by the FMLA.

15. Plaintiff was "disabled" as defined by the ADA during her employment with Defendant.

16. Plaintiff had a "handicap" as defined by the FCRA during her employment with Defendant.

17. Defendant knew of Plaintiff's "disability" and "handicap" during her employment with Defendant.

18. Plaintiff was a "qualified individual" as defined by the FCRA and the ADA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

19. Plaintiff timely dual-filed a charge (the "Charge") of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

20. On December 21, 2022, the FCHR issued a Notice of Determination letter stating that there is reasonable cause to believe that an unlawful employment practice has occurred.

21. On April 26, 2023, the EEOC issued a Conciliation Failure and Notice of Rights letter stating that the EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the Charge.

## STATEMENT OF FACTS

22. Plaintiff began employment with Defendant on or about August 5, 2019 as a customer service & support representative.

23. In or around May 2020, Plaintiff sustained a serious injury to her shoulder that left her with a partial type 2 tear of the superior labrum.

24. The tear of the superior labrum substantially limited Plaintiff's ability to move her arm, care for herself, perform manual tasks, sleep, lift, concentrate, and work.

25. On or around January 13, 2021, Plaintiff had surgery on her shoulder.

26. Subsequently, Plaintiff required leave for her serious medical condition and disability.

27. Plaintiff exercised continuous leave under the FMLA and ADA from on or around January 13, 2021 through on or around April 12, 2021.

28. Upon returning from continuous leave, Plaintiff requested intermittent leave as a reasonable accommodation, under the ADA, to be able to attend physical therapy appointments.

29. Plaintiff's request was denied.

30. After returning from continuous leave, Plaintiff's supervisor, Angela Hickmon ("Ms. Hickmon"), exhibited animus towards Plaintiff because of her continuous leave, her disability and then for her request for intermittent leave.

31. On or around May 5, 2021, Plaintiff contacted human resources to file both a complaint against her supervisor, Ms. Hickmon, and to again request intermittent leave as a reasonable accommodation, under the ADA, to be able to attend physical therapy appointments.

32. Plaintiff received no response from Defendant until on or around June 15, 2021 wherein employee relations manager Daniel DiVergilis stated that he would investigate the complaint against Plaintiff's supervisor and also her request for intermittent leave as a reasonable accommodation, under the ADA, to be able to attend physical therapy appointments.

33. No remedial actions were taken.

34. Plaintiff's complaint was then reassigned to employee relations manager Jackie Ardito who allegedly approved her request on or about July 21, 2021.

35. Plaintiff's complaints against her supervisor, though, remained unresolved.

36. On or around July 23, 2021, Plaintiff began receiving emails about her login access being revoked to her work systems.

37. Plaintiff contacted her supervisor, Ms. Hickmon, who advised Plaintiff that she, Ms. Hickmon, had issues with her intermittent leave and advised Plaintiff that she revoked Plaintiff's login access.

38. On or around July 26, 2021, Plaintiff again contacted Human Resources about the issues created by her supervisor, Ms. Hickmon, and she was advised to contact Timothy Langston.

39. On or about August 4, 2021, Plaintiff met with employee relations specialist Christine Delmore, Jackie Ardito and Timothy Langston.

40. Plaintiff requested a change to a different manager because she felt as though she was being discriminated against and harassed due to her disability and also retaliated against.

41. No remedial actions were taken.

42. On or around August 10, 2021, Plaintiff was locked out of her entire computer system.

43. Plaintiff again notified her supervisor, Ms. Hickmon, of the issue, but her supervisor refused to take any remedial action.

44. On or around August 17, 2021, Plaintiff received a call from Christine Delmore and Timothy Langston and was advised that she was being placed on paid administrative leave until they completed the investigation of her complaints.

45. Plaintiff was terminated shortly thereafter on or around September 1, 2021.

46. Defendant gave Plaintiff no reason.

47. Plaintiff has satisfied all conditions precedent, or they have been waived.

48. Plaintiff has retained the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the FCRA

49. All allegations prior to Count I are realleged and incorporated herein.

50. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

51. Plaintiff has an actual handicap, has a record of being handicap, and/or is perceived as having a handicap by Defendant.

52. Defendant terminated Plaintiff because of her handicap.

53. Defendant's termination of Plaintiff because of her handicap constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

54. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Failure to accommodate in violation of the FCRA

55. All allegations prior to Count I are reallaged and incorporated herein.

56. At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

57. Plaintiff has an actual handicap, has a record of being handicap, and/or is perceived as having a handicap by Defendant.

58. Plaintiff requested leave as an accommodation due to her own handicap.

59. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her handicap, failed to establish that the requested accommodation was an undue hardship, and ultimately failed to reasonably accommodate Plaintiff's handicap.

60. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Retaliation in violation of the FCRA

61. All allegations prior to Count I are reallaged and incorporated herein.

62. Plaintiff engaged in protected activity by requesting a reasonable accommodation and by filing complaints opposing Defendant's unlawful employment practices.

63. Defendant retaliated against Plaintiff by terminating her employment.

64. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count IV– Discrimination in violation of the ADA

65. All allegations prior to Count I are reallaged and incorporated herein.

66. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

67. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

68. Defendant terminated Plaintiff because of her disability.

69. Defendant's termination of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

70. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count V – Failure to accommodate in violation of the ADA

71. All allegations prior to Count I are reallaged and incorporated herein.

72. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff was and is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

73. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

74. Plaintiff requested leave as an accommodation due to her own disability.

75. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate her disability, failed to establish that the requested accommodation was an undue hardship, and ultimately failed to reasonably accommodate Plaintiff's disability.

76. As a direct and proximate cause of Defendant's failure to accommodate Plaintiff, she has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count VI – Retaliation in violation of the ADA

77. All allegations prior to Count I are reallaged and incorporated herein.

78. Plaintiff engaged in protected activity by requesting a reasonable accommodation and by filing complaints opposing Defendant's unlawful employment practices.

79. Defendant retaliated against Plaintiff by terminating her employment.

80. As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

### Count VII – Retaliation in Violation of the FMLA

81. All allegations prior to Count I are reallaged and incorporated herein.

82. Plaintiff was eligible for FMLA leave.

83. Plaintiff was entitled to FMLA leave.

84. Plaintiff engaged in protected activity by requesting FMLA leave and by filing complaints opposing Defendant's unlawful employment practices.

85. Defendant took an adverse employment action by terminating Plaintiff.

86. Defendant took the adverse employment action because of Plaintiff's protected activity.

87.  As a direct and proximate cause of Defendant's retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)  That process issue and that this Court take jurisdiction over the case;

(b)  Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay and back benefits, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)  All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)  For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 21st day of July, 2023 by:

>  /s/ Jason B. Woodside
>  Jason B. Woodside, Esq.
>  FL Bar No. 104848
>  Woodside Law, P.A.
>  100 South Ashley Drive
>  Suite 600
>  Tampa, FL 33602
>  T: (813) 606-4872
>  F: (813) 333-9845
>  Email: Jason@woodsidelawpa.com

*Attorney for Plaintiff*

13